Nancy Knox Bierman
204 Munford St.
Houston, TX 77008
(713) 836-9990
SBOT#24059177
libralawtexas@gmail.com
(Pro Hoc Vice pending)

IN THE UNITED STATES DISTRICT COURT

FOR THE MIDDLE DISTRICT OF FLORIDA

| | |
|---|---|
| LAURELLYN CIAVARDONE,<br><br>           Plaintiff,<br><br>vs.<br><br>RAYTHEON TECHNOLOGIES CORPORATION.<br><br>           Defendant | Case No.: 2:23-cv-00315<br><br>COMPLAINT UNDER TITLE VII OF THE CIVIL RIGHTS ACTS USC §2000 ET. SEQ.<br><br>JURY TRIAL REQUESTED |

Laurellyn Ciavardone, (hereinafter known as "Plaintiff"), hereby complains and alleges against Raytheon Technologies Corporation (hereinafter known as "Defendant"), the following:

## INTRODUCTION

1. Well established law prohibits discrimination in the workplace on the basis of religion, race, disability, or nationality.

2. Plaintiff brings this Action due to Defendant's discriminatory policies that substantially burdened her ability to exercise her religious freedom by announcing, dictating and mandating that she receive a medical procedure, which insulted and violated her strongly held religious beliefs.

3. The penalty for not violating her deeply and strongly held religious beliefs was termination from her employment, loss of her employment benefits, and a reduction of her earned retirement account. In addition, Plaintiff was forced to sell her home in Massachusetts and move where employment opportunities were more abundant, leaving family and lifetime friends behind.

COMPLAINT UNDER TITLE VII OF THE CIVIL RIGHTS ACTS USC §2000 ET. SEQ.JURY TRIAL REQUESTED - 1

4.   The mandate and subsequent coercive actions on the part of the Defendant violated Plaintiff's rights and caused undue emotional, financial, and psychological harm to the Plaintiff.

5.   Defendant willfully discriminated against Plaintiff based on her religious belief and engaged in patterns and practices designed to coerce, manipulate, and ostracize her due to those beliefs.

6.   Furthermore, Defendant engaged in retaliatory behavior by wrongfully terminating Plaintiff due to her religious beliefs.

7.   By this action, Plaintiff seeks compensatory and punitive damages.

## PARTIES

**8.**   Plaintiff is an individual who, at all relevant times, lived and worked in Worchester County, Massachusetts. She was an employee as defined by 42 U.S.C. §2000e(f).

9.   Defendant is a domestic for-profit corporation whose registered office is located at 1000 Wilson Blvd., Arlington, Virginia 22209, Telephone: (781) 522 3000. Process may be served on its registered agent, at that location.

## JURISDICTION AND VENUE

10.   Jurisdiction is proper pursuant to 28 USC §§ 1331, 1332(d), 1441 (c)(A), and 1453.  Plaintiff is a citizen of the State of Florida and has been since September 2021. Defendant is a Delaware Corporation, with corporate headquarters in Virginia.

11.   This Court has authority to award the requested declaratory relief pursuant to 42 U.S.C. § 1981a(a)(1), and 42 U.S.C. § 2000e-5(g)(1). As well as recovery of costs and attorneys' fees pursuant to 28 U.S.C. § 2412 and 42 U.S.C. § 1988(b).

12.   Proper venue is this District pursuant to USC 28 §1391(c)(1), as the Plaintiff is a resident of the State of Florida, and resides in Charlotte County, a county within this Division's jurisdiction.

## FACTUAL ALLEGATIONS

### The Mandate

**13.**   On or about September 15, 2021, Defendant announced imposition of a COVID vaccine mandate. These "vaccines" were novel in nature, experimental and authorized for

COMPLAINT UNDER TITLE VII OF THE CIVIL RIGHTS ACTS USC §2000 ET. SEQ.JURY TRIAL REQUESTED - 2

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

emergency use only. Under the EUA, vaccine manufacturers are immune from liability and impervious to any prosecution.

**14.** On October 13, 2021, Plaintiff submitted a Medical Status form through the Human Resources Portal as directed by Defendant. She chose not to disclose medical information through the public portal, that would be stored by a third party.

**15.** On October 14, 2021, Plaintiff submitted her request for a medical exemption. On October 26, 2021, Plaintiff submitted her request for Religious Exemption.

**16.** On January 10, 2022, Plaintiff sent an email response to a form letter sent by Defendant, that had requested more information. Defendant responded that afternoon denying use of the less-invasive saliva tests, and requiring the nasal PCR swabs, many of which have been recalled by the FDA, due to high concentrations of ethyl glycol and other manufacturing issues such as bacterial fungi growth on the swabs.

**17.** On or about January 12, 2022, Plaintiff sent additional information bolstering her request saliva testing. That request was denied by Defendant on January 16, 2022. Plaintiff was terminated on February 1, 2022.

18. EO 14042 was challenged in federal court and on December 7, 2021, U.S. District Court Judge R. Stan Baker of the Southern District of Georgia issued a nationwide injunction against the enforcement of the vaccine mandate for federal contractors.

19. All Federal Contracting Officers received direction on December 8, 2021, to stop all modifications to Government contracts, including terminology for implementing Covid vaccine mandates.

COMPLAINT UNDER TITLE VII OF THE CIVIL RIGHTS ACTS USC §2000 ET. SEQ.JURY TRIAL REQUESTED - 3

20.    Plaintiff was terminated despite the updated guidance from the Office of Federal Contractors, and in the face of a nationwide injunction, the only reason being her desire to stay true to her strongly held religious beliefs.

**The Harassment, Coercion and Creation of a Hostile Work Environment**

21.    Plaintiff was in a pilot program wherein she only worked at the office 2 days per week, beginning in 2019. At the start of the declared emergency, she was deemed non-essential and at that time, became 100% remote, posing absolutely no threat to the "safety" of her fellow employees.

22.    This ridiculous demand under the guise of "safety" reveals Defendants' actions for what they are—a sustained, unapologetic effort to eliminate those with the "wrong" religious beliefs, based on a presumptively unconstitutional distrust of their religious objections to COVID vaccines. In addition, Defendant's "policy" was ever changing FAQ sheet, unlike any other internal policies.

23.    This is only confirmed in the Policies' obtuse, vastly overinclusive application to the Plaintiff, and others deemed "non-essential" and thus capable of working remotely, causing no undue hardship to Defendant.  Defendant's Policy plainly violated religious neutrality and is undermined by its own exceptions (de jure and de facto) while failing to provide Plaintiff with actual equal treatment.

24.    Defendant's enforcement of this mandate served no compelling interest, was neither logically nor scientifically supportable and could not possibly be the least restrictive means of accomplishing their stated goal of "workplace safety".

**Failure to Accommodate**

COMPLAINT UNDER TITLE VII OF THE CIVIL RIGHTS ACTS USC §2000 ET. SEQ.JURY TRIAL REQUESTED - 4

25. Although Plaintiff has always attended church, she found her faith to be a "pillar" during this difficult time. Plaintiff felt her faith strengthened her resolve to do what she felt was morally right for any human being regardless of their "religious" sect.  She has renewed her baptism In Christ. Her beliefs are sincere and deeply held.

26. The fact that Plaintiff's personal and deeply held beliefs would be subjected to a "test" of religiosity, administered by an employer is preposterous, and cannot possibly be what the Framer's envisioned when drafting the First Amendment.

27. Plaintiff worked remotely at her residence never physically interacting with any other employees. Defendant had absolutely no legitimate business purpose for forcing Plaintiff to choose between her job that she loved, and injection of an experimental synthetic substance.

## CAUSES OF ACTION

## COUNT ONE

**DISCRIMINATION IN VIOLATION OF 42 U.S. CODE §§2000e–2(a)(1) 2(a)(2)**

28. Plaintiff repeats and re-alleges each and every paragraph above with the same full force and effect as if fully set forth herein.

29. 42  U.S. CODE §§2000e–2(a)(1) states that It shall be an unlawful employment practice for an employer to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin;

COMPLAINT UNDER TITLE VII OF THE CIVIL RIGHTS ACTS USC §2000 ET. SEQ.JURY TRIAL REQUESTED - 5

30. 42 U.S. CODE §§2000e–2(a)(2) states that to limit, segregate, or classify employees or applicants for employment in any way which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect his status as an employee, because of such individual's race, color, religion, sex, or national origin

31. Defendant engaged in unlawful employment practices when they discriminated against Plaintiff by discharging her from her employment due to her strongly held religious beliefs and her refusal to violate those beliefs.

32. Defendants' actions were an effort to eliminate those with the "wrong" religious beliefs from the company, based on a distrust of the religious objections to COVID vaccines.

33. Defendant's policy was ridiculously overinclusive, as it refused to acknowledge that Plaintiff never set foot on the main campus, was not required to do so, and did not have travel as an obligation of her employment. Plaintiff dutifully applied for a religious exemption twice. No legitimate end was justified by this directive, and Plaintiff was wrongfully terminated for not betraying her religious beliefs and indeed her faith itself.

## COUNT TWO
**WRONGFUL TERMINATION IN VIOLATION OF 42 U.S. CODE §§2000e–2(a)(1)**

34. Plaintiff repeats and re-alleges each and every paragraph above with the same full force and effect as if fully set forth herein

35. 42 U.S. CODE §§2000e–2(a)(1) states that it shall be an unlawful employment practice for an employer to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin.

36. Defendant terminated the employment of Plaintiff for engaging in protected activity, that being the exercise of her religion.

37. Plaintiff's assertion of her right to her deeply held religious beliefs, and her refusal to violate those beliefs, were the reasons for said termination.

38. Valid contracts require offer, acceptance, performance and consideration. Modification of an employment contract would obviously include a renegotiation of the terms and conditions, to include an exchange of value (increased pay or alternative benefit), accompanying any acceptance.

39. Ongoing employment—by itself—is insufficient consideration to modify an employment contract.

40. There was no re-negotiation of the contract between Plaintiff and Defendant. No medical directives were contained in the initial employment contract and to add one during the term of employment de post facto would be in violation of contract law.

41. Available vaccines do not offer sterilizing immunity, thus ameliorating the "community benefit" argument.

42. Physics, physiology and common sense would dictate that Plaintiff, working alone in her home, miles from the main facility, offered no threat to the health and wellbeing of her fellow employees.

43. Precautionary Principle requires cost/benefit analysis. Defendant chose to disregard this principal, opting instead for stigmatization, mandates, and politicization, which are anathema to public health.

44. Good health is measured in more than "disease avoidance". Weight loss, smoking cessation, exercise and sunlight all contribute to good health and would have been more

effective measures against extreme illness and death, as evidence by the myriad of quadruple vaccinated health experts and politicians who have contracted the virus.

**COUNT THREE**

**RETALIATION IN VIOLATION OF 42 U.S. Code § 2000e-3**

45.   Plaintiff repeats and re-alleges each and every paragraph above with the same full force and effect as if fully set forth herein

46.   42 U.S. Code §200e-3 states It shall be an unlawful employment practice for an employer to discriminate against any of his employees or applicants for employment, for an employment agency, or joint labor-m management committee controlling apprenticeship or other training or retraining, including on-the-job training programs, to discriminate against any individual, or for a labor organization to discriminate against any member thereof or applicant for membership, because he has opposed any practice made an unlawful employment practice by this subchapter, or because he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing.

47.   Defendant engaged in unlawful employment practices when it ignored, mocked, and dismissed Plaintiff's sincerely held religious beliefs.

48.   Defendant behaved unlawfully when it interrogated Plaintiff regarding her religiosity, bombarded her with emails threatening her with termination, and ultimately terminated her employment, denied her benefits, canceled her insurance, and fought her unemployment claims.

49.   Plaintiff was a long-term employee, with specialized training, and a spotless employment record prior to the medical directive imposed by Defendant.

COMPLAINT UNDER TITLE VII OF THE CIVIL RIGHTS ACTS USC §2000 ET. SEQ.JURY TRIAL REQUESTED - 8

50.   But for the unlawful, discriminatory, and retaliatory actions of Defendant, Plaintiff would still be a loyal employee of Defendant until her retirement. Instead, Defendant terminated her service as a slap in the face for her refusal to violate her religious beliefs.

51.   By creating and implementing the medical directive, Defendant engaged in a pattern and practice of discrimination against employees with sincerely held religious beliefs by a classification system that adversely affected their employment, based entirely on their refusal to submit to a medical procedure that would violate their beliefs.

52.   There is nothing demonstrated by public health studies, written in medical journals or otherwise that would support forcing a remote worker, who has never even been to the main facility to undergo an unwanted medical procedure that can never be undone.

## PRAYER FOR RELIEF

NOW THEREFORE, having fully stated her claims against the Defendant, Plaintiff pray that this Honorable Court award her relief as follows:

   a.   For compensatory damages in an amount to be proven at trial.

   b.   For punitive damages in an amount to be proven at trial.

   c.   For Court costs and Attorney's fees as allowable under law.

   d.   For such other relief as the Court deems just and proper.

Dated: May 6, 2023,

*Nancy Knox Bierman*                                    /s// *Jennifer M. Vasquez*

Nancy Knox Bierman (PHV pending)                Jennifer M. Vasquez Local Counsel

204 Munford, Houston TX 77006                    Fla. Bar No. 71942 P.O. Box 2369

SBOT 24059177                                          Lakeland, FL 33806 Tel: (863) 686-0043

Libralawtexas@gmail.com                             Fax: (863) 616-1445 j.vasquez@cttalaw.com

COMPLAINT UNDER TITLE VII OF THE CIVIL RIGHTS ACTS USC §2000 ET. SEQ.JURY TRIAL
REQUESTED - 9