```
                 UNITED STATES DISTRICT COURT
                  MIDDLE DISTRICT OF FLORIDA
                      FORT MYERS DIVISION
```

LAURELLYN CIAVARDONE,

       Plaintiff,

v.                              Case No: 2:23-cv-315-JES-KCD

RAYTHEON TECHNOLOGIES CORPORATION,

       Defendant.

_____

### ORDER

This matter comes before the Court on review of plaintiff's Complaint Under Title VII of the Civil Rights Acts USC § 2000 Et. Seq. (Doc. #1) filed on May 6, 2023. The Complaint will be dismissed without prejudice to filing an Amended Complaint.

As a preliminary matter, under the Local Rules, "Times New Roman is permitted if the main text is at least 14-point" however the Complaint herein is only 12-point for the main text.[1] M.D. Fla. R. 1.08(b).

The 'Causes of Action' each include a paragraph that "Plaintiff repeats and re-alleges each and every paragraph above with the same full force and effect as if fully set forth herein" for each count. (Doc. #1, ¶¶ 28, 34, 45.) The war against shotgun

---

[1] The Court notes that the Response to Motion to Dismiss (Doc. #18) also fails to comply with Rule 1.08(b).

pleadings has been waging in this Circuit for more than thirty years, and there is "no ceasefire in sight." Weiland v. Palm Beach Cnty. Sheriff's Office, 792 F.3d 1313, 1321 (11th Cir. 2015). The Eleventh Circuit Court of Appeals has delineated the "four rough types or categories of shotgun pleadings" that have been filed since 1985:

> The most common type — by a long shot — is a complaint containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint. The next most common type, at least as far as our published opinions on the subject reflect, is a complaint that does not commit the mortal sin of re-alleging all preceding counts but is guilty of the venial sin of being replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action. The third type of shotgun pleading is one that commits the sin of not separating into a different count each cause of action or claim for relief. Fourth, and finally, there is the relatively rare sin of asserting multiple claims against multiple Defendants without specifying which of the Defendants are responsible for which acts or omissions, or which of the Defendants the claim is brought against.

Id. at 1321-23. The Eleventh Circuit has also noted that, "[w]hile plaintiffs have the responsibility of drafting complaints [that do not constitute shotgun pleadings], defendants are not without a duty of their own in this area." Id. at 1321 n.10. The Court has a *sua sponte* obligation to identify and dismiss a shotgun pleading. Id. See also Davis v. Coca-Cola Bottling Co. Consol., 516 F.3d 955, 979 n.54 (11th Cir. 2008) (collecting cases); Byrne v. Nezhat,

261 F.3d 1075, 1130 (11th Cir. 2001).  The Court finds that each count improperly incorporates each preceding count.

Accordingly, it is hereby

**ORDERED:**

1. Plaintiff's Complaint (Doc. #1) is dismissed without prejudice to filing an Amended Complaint within **SEVEN (7) DAYS** of this Order.

2. Defendant's Motion to Dismiss Plaintiff's Complaint (Doc. #15) is **DENIED** as moot.

**DONE AND ORDERED** at Fort Myers, Florida, this __1st__ day of August 2023.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Counsel of record