# UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF FLORIDA
## FORT MYERS DIVISION

**LAURELLYN CIAVARDONE,**

              **Plaintiff,**

    **v.**

**RAYTHEON TECHNOLOGIES
CORPORATION,**

              **Defendant.**

**Civ. Action No.:**

**2:23-cv-00315-JES-KCD**

## DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT AND MEMORANDUM OF LAW IN SUPPORT OF SAME

Defendant Raytheon Company[1] ("Raytheon"), by its counsel and pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure and Local Rule 3.01, hereby moves to dismiss Plaintiff's Amended[2] Complaint in its entirety because, like with the initial Complaint, it fails to state any plausible claim upon which relief can be granted for the reasons discussed more fully below.

Further, this lawsuit should be dismissed with prejudice because Plaintiff already had an opportunity to amend her initial Complaint. Indeed, on August 1,

---

[1] Raytheon Technologies Corporation is erroneously named by Plaintiff as the Defendant in this matter; Plaintiff was actually employed by Raytheon Company.

[2] Plaintiff amended her initial Complaint on August 5, 2023, but she did not style this document as an amended pleading.  (*See* Dkt. 22.)  To avoid confusion, throughout this motion, Defendant refers to Plaintiff's Complaint filed on August 5 as an "Amended Complaint."

2023, the Court dismissed the first iteration of Plaintiff's Complaint as a "shotgun pleading," in that "each count improperly incorporate[d] each preceding count." (*See* Dkt. 20)  The Court's August 1 Order instructed Plaintiff to file an Amended Complaint within seven (7) days.  (*Id.*)  On August 5, 2023, Plaintiff filed her Amended Complaint.  Other than changing the font size and removing the improper "incorporate by reference" language, Plaintiff's Amended Complaint is identical to her first Complaint.  Plaintiff chose not to address any of the deficiencies raised in Defendant's previously filed motion to dismiss, electing instead to "double down" on her claims, as they were initially pled.

## **INTRODUCTION**

This lawsuit concerns Raytheon's COVID-19 vaccine policy, Raytheon's willingness to provide exemptions to its employee vaccine requirement, and Plaintiff's refusal to receive the vaccination, or alternatively, to comply with alternative measures, including testing for the presence of the virus.  Despite Raytheon's willingness to compromise with Plaintiff, Plaintiff chose not to comply with Raytheon's COVID-19 safety policies and protocols.  As a result, Raytheon terminated Plaintiff's employment in February 2022.  Raytheon's decision had nothing to do with Plaintiff's religion (Christianity) or her seeking a religious exemption.  And yet, Plaintiff filed a discrimination complaint with the Florida Department of Legal Affairs, The Private Employer Vaccine Mandate Program,

and a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC").  The Department of Legal Affairs investigated Plaintiff's complaint and found no probable cause to believe Plaintiff was terminated for refusing to obtain a COVID-19 vaccination.[3]  Nonetheless, Plaintiff filed this lawsuit against Raytheon, purporting to assert claims under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.* ("Title VII") based on religious discrimination (while not entirely clear from the Complaint, Raytheon believes Plaintiff means to pursue disparate treatment and hostile work environment claims) and retaliation.  None of these claims can survive a motion to dismiss.

Plaintiff's claims fail as a matter of law for several reasons.  First, Plaintiff has not stated a plausible disparate treatment claim because Raytheon's vaccine mandate is facially neutral and Plaintiff offers no facts to suggest the mandate was motivated by some kind of religious-based animus.  Further, Plaintiff's religious-based disparate treatment claim is not actionable because she has not articulated a *bona fide* religious belief that conflicts with Raytheon's COVID-19 vaccination or testing requirements.  And even if she had, Plaintiff still cannot plead a plausible disparate treatment claim because she was not treated differently than any other

---

[3] For its part, the EEOC dismissed Plaintiff's Charge and issued a right-to-sue without making a determination on the merits.

Raytheon employees who sought religious or medical exemptions. Plaintiff's purported hostile work environment claim is barred because it was not included in Plaintiff's EEOC Charge (and it is now time-barred), the complained-of conduct falls far short of actionable harassment, and the claim otherwise does not meet federal pleading standards. Finally, Plaintiff's retaliation claim must be dismissed because she does not allege she was terminated for seeking a religious vaccination exemption, let alone that it was the but-for cause of her termination.

In sum, and as set forth more fully below, the Court should grant Raytheon's motion and dismiss Plaintiff's Amended Complaint in its entirety, with prejudice. Any request for leave to amend should be denied because: (i) Plaintiff has already had an opportunity to amend her Complaint, (ii) Plaintiff cannot plead viable claims without impermissibly contradicting the factual bases of her initial Complaint, and/or (iii) the procedural defects cannot be remedied by amendment.

## FACTS ALLEGED IN THE AMENDED COMPLAINT[4]

Plaintiff alleges that "at all relevant times" she lived and worked for Raytheon in Worchester County, Massachusetts until her termination on February 1, 2022. (Amended Complaint, Dkt. 22 ¶¶ 8, 17.) Plaintiff further alleges that, on or about September 15, 2021, Raytheon implemented a mandatory COVID-19

---

[4] For the purposes of Defendant's Motion to Dismiss, Raytheon accepts as true all factual allegations in Plaintiff's Amended Complaint. *See Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984).

vaccination policy pursuant to which its employees were required to obtain the vaccination unless they were exempted from the mandate for medical or religious reasons.  (*See id.* at ¶¶ 13, 15.)  Plaintiff also claims that Raytheon's COVID-19 vaccination policy was "vastly" and "ridiculously overinclusive" in that it applied to her and other "non-essential" employees capable of working remotely.  (*See id.* at ¶¶ 23, 32.)  According to Plaintiff, the COVID-19 vaccines are "novel in nature, experimental and authorized for emergency use only" under the EUA.  (*See id.* at ¶ 13.)  Plaintiff further claims that: "[g]ood health is measured in more than 'disease avoidance.'  Weight loss, smoking cessation, exercise and sunlight all contribute to good health and would have been more effective measures against extreme illness and death, as evidenced by the myriad of quadruple vaccinated health experts and politicians who have contracted the virus."  (*See id.* at ¶ 44.)

Plaintiff alleges that, on October 14, 2021, she made an unspecified medical objection to receiving the COVID-19 vaccine to Raytheon.  (*See id.* at ¶¶ 14-15.)  Plaintiff further alleges that, on October 26, 2021, she made a request for an unspecified religious exemption to Raytheon's vaccine mandate.  (*See id.* at ¶ 15.)  Plaintiff claims that, in response to this request, she and Raytheon exchanged correspondence concerning potential alternatives to the vaccination requirement, including testing for the presence of COVID-19.  (*See id.* at ¶¶ 16-17.)

Plaintiff alleges she suggested the use of "saliva testing," but Raytheon

denied this request on January 16, 2022.  (*See id.* at ¶ 17.)  According to Plaintiff, as it relates to testing, Raytheon required the use of nasal PCR swabs, "many of which have been recalled by the FDA, due to high concentrations of ethyl glycol and other manufacturing issues such as bacterial fungi growth on the swabs." (*See id.* at ¶ 16.)

Plaintiff also alleges that she found her faith to be a "pillar" during the COVID-19 pandemic, that "her faith strengthened her resolve to do what she felt was morally right for any human being," that she has "renewed her baptism in Christ," and that her "beliefs are sincere and deeply held."  (*See id.* at ¶ 25.) Plaintiff claims Raytheon terminated her employment "due to her strongly held religious beliefs and her refusal to violate those beliefs," and in retaliation for having "engag[ed] in protected activity, that being the exercise of her religion." (*See id.* at ¶¶ 30, 35.)  Plaintiff further claims Raytheon acted unlawfully when it "ignored, mocked, and dismissed" her religious beliefs, interrogated her regarding her "religiosity," and "bombarded her with emails threatening her with termination."  (*See id.* at ¶¶ 46-48.)

Plaintiff's Amended Complaint makes no mention of any administrative charge of discrimination filed against Raytheon, nor does it allege that she has satisfied administrative prerequisites necessary to bring Title VII claims in court. Nonetheless, Plaintiff did file a Charge of Discrimination against Raytheon with

the EEOC, for which she received a Dismissal and Notice of Right to Sue on February 6, 2023, attached hereto as Exhibit A.[5]  In her Charge, Plaintiff states the alleged discrimination and retaliation occurred on February 1, 2022, at the latest. (*See id.*)  Specifically, Plaintiff alleges Raytheon "subjected [her] to a mandatory employment requirement [obtaining a COVID-19 vaccine] which violated [her] sincerely held religious beliefs," that it "denied [her] request for religious exemption," and terminated her employment based on her religion (Christianity) and in retaliation for opposing a "practice made unlawful under Title VII."  (*See id.*)

## LEGAL ARGUMENT

## I.   STANDARD OF REVIEW.

To state a claim, a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2). Showing an "entitle[ment] to relief" requires more than a mere "the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Pleadings offering labels, legal conclusions, or "naked assertions" devoid of

---

[5] The Court can properly consider Plaintiff's EEOC Charge and the Notice of Right to Sue as part of Raytheon's motion to dismiss without converting it to a motion for summary judgment because they are central to Plaintiff's Title VII claims and there is no reason to dispute the authenticity of these documents.  *See, e.g., Horne v. Potter*, 392 F. App'x 800, 802 (11th Cir. 2010) (finding consideration of exhibits attached to motion to dismiss, including EEOC right-to-sue letter, was proper, in part, because they were central to plaintiff's claims and were undisputed).

factual support do not state a claim upon which relief may be granted. *Id.*; *Bell Atlantic Corp v. Twombly*, 550 U.S. 544, 555 (2007).

Accordingly, to survive dismissal under Rule 12(b)(6), a claim must be supported by sufficient facts that, if taken as true, make it "plausible" that the defendant is liable for the misconduct alleged and that plaintiff is entitled to relief. *Twombly*, 550 U.S. at 556, 570. Plausibility requires "more than a sheer possibility" that a defendant acted unlawfully. *Iqbal*, 556 U.S. at 678. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," and a "legal conclusion couched as a factual allegation" is not entitled to the presumption of truth. *Twombly*, 550 U.S. at 555; *Iqbal*, 556 U.S. at 678; *Jackson v. Bellsouth Telecomm.*, 372 F.3d 1250, 1262–63 (11th Cir. 2004) (explaining that "conclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal") (internal citation and quotations omitted).

When considering a motion to dismiss, a district court must identify the elements of a plaintiff's claims, disregard all legal conclusions, and then determine whether all of the elements identified in part one of the inquiry are sufficiently alleged by the well-pleaded facts. *See Twombly*, 550 U.S. at 555; *Turks v. Bank of Am.*, 742 F. App'x 470, 473 (11th Cir. 2018).

## II.   PLAINTIFF'S AMENDED COMPLAINT SHOULD BE DISMISSED IN ITS ENTIRETY WITH PREJUDICE.

For purpose of this motion, Raytheon assumes that Plaintiff's confusedly pled causes of action under Title VII are for: (1) disparate treatment on account of religion (wrongful termination)[6]; (2) hostile work environment; and (3) retaliation.[7] Even reading the Amended Complaint liberally, Plaintiff has failed to state any claim under Title VII.

### A.   <u>Plaintiff's Claim for Disparate Treatment Fails.</u>

To establish a prima facie case of disparate treatment under Title VII, a plaintiff must introduce evidence that "give[s] rise to an inference of unlawful discrimination." *Texas Dep't of Community Affairs v. Burdine*, 450 U.S. 248, 253 (1981). Additionally, when a plaintiff is challenging a facially neutral policy, like here, she must establish the defendant had a discriminatory intent for taking the adverse action. *Ricci v. DeStefano*, 557 U.S. 577 (2009). "At the pleading stage, a

---

[6] To the extent Plaintiff means to pursue a failure-to-accommodate claim, this claim is duplicative of her discrimination claim, and therefore it does not require separate analysis. *See Jean-Pierre v. Naples Comm'y Hosp., Inc.*, 817 F. App'x 822, 828 (11th Cir. 2020) (affirming lower court's ruling that plaintiff's Title VII accommodation and religious discrimination claims were duplicative because plaintiff relied on the same factual allegations for both claims) *citing EEOC v. Abercrombie & Fitch Stores, Inc.*, 575 U.S. 768, 772 n.2 (2015) (explaining that discrimination based on an employee's religious practice "is *synonymous* with refusing to accommodate the religious practice"). (emphasis in original).

[7] Raytheon reserves the right to raise additional arguments to the extent Plaintiff is permitted later to clarify her allegations.

plaintiff can satisfy this burden by alleging facts that show: (1) she is a member of a protected class; (2) she was performing her job in a satisfactory manner; (3) she suffered an adverse employment decision; and (4) she was treated differently than similarly situated persons outside her protected class. *Rice-Lamar v. City of Ft. Lauderdale, Fla.*, 232 F.3d 836, 842-43 (11th Cir. 2000) (*citing McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973)).

Significantly, a Title VII disparate treatment claim fails where the plaintiff does not allege in the complaint that she was treated differently than similarly situated persons outside her protected class and does not allege facts that would indicate any alleged discriminatory act was motivated by her protected class. *Arrington v. Alabama Power Co.*, 769 F. App'x 741, 746 (11th Cir. 2019). Under those circumstances, as a matter of law, the plaintiff cannot state a claim. *Id.*

Here, Plaintiff cannot plead the prima facie elements of a disparate treatment claim for several reasons. First, Raytheon's vaccination mandate never mentioned religion; thus it is facially neutral. Plaintiff does not plead any facts to suggest that Raytheon had a "discriminatory intent in either issuing the vaccination mandate or implementing the health and safety protocols for vaccination-exempt employees" – and this alone dooms Plaintiff's religious discrimination claim. *See Leake v. Raytheon Techs. Corp.*, No. CV-22-00436, 2023 WL 2242857, at *5 (D. Az. Feb. 27, 2023) (considering Raytheon's same COVID-19 vaccination policies as those

at issue in this lawsuit and dismissing plaintiffs' religious discrimination claims).

Second, Plaintiff has not adequately alleged she is a member of a protected class. As set forth above, Plaintiff alleges only that she made an unspecified religious objection to Raytheon's COVID-19 vaccine mandate, that "her faith strengthened her resolve to do what she felt was morally right for any human being," that she has "renewed her baptism in Christ," and her "beliefs are sincere and deeply held." (*See* Dkt. 1 ¶¶ 15, 25.) But Plaintiff does not provide any additional details or explain what religious belief(s) somehow conflict(s) with Raytheon's COVID-19 vaccination policy. Indeed, Plaintiff's assertion that she did what was "morally right" (which is little more than a declaration that Plaintiff has the right to make her own decisions) does not qualify as a religious belief. *See, e.g. Finkbeiner v. Geisinger Clinic*, 623 F. Supp. 3d 458, 465-66 (M.D. Pa. 2022) (granting motion to dismiss religious discrimination claim based on plaintiff's assertion of a "God given right to make [her] own choices regarding what is good or bad" since such a position, if deemed a bona fide religious belief would amount to a blanket privilege and limitless excuse for avoiding all unwanted obligations); *Fallon v. Mercy Cath. Med. Ctr. of Se. Pa.*, 200 F. Supp. 3d 553, 560-61 (E.D. Pa. 2016), *aff'd*, 877 F.3d 487 (3d Cir. 2017) (rejecting assertions that an objection to vaccination based on safety and efficacy concerns, along with a contention that consenting to vaccination would violate his conscience about right and wrong,

amounted to religious beliefs).

While Plaintiff takes issue with Raytheon's vaccine mandate for a multitude of secular, personal, and medical reasons (the vaccine is "experimental," the mandate is "ridiculously overinclusive" and "neither logically nor scientifically supportable," and "weight loss, smoking cessation, exercise and sun light" are more effective for preventing COVID-related serious illness or death) (*see* Dkt. 1 ¶¶ 13, 23, 33, and 44), she does not articulate a religious source or justification for her purported beliefs, such that her religious discrimination claim must fail.  *See, e.g., Troulliet v. Gray Media Group, Inc.*, Civil Action No. 22-5256, 2023 WL 2894707, at *5 (E.D. La. April 11, 2023) (plaintiff's complaint is "replete with medical arguments why [defendant's vaccination] policy was inadvisable and accusations that [defendant] was motivated by virtue signaling," suggesting plaintiff's beliefs regarding the COVID-19 vaccine "were based on purely secular considerations or were merely a matter of personal preference," which cannot form the basis of a religious discrimination claim).

Even if Plaintiff had sufficiently pled that her "sincerely held" religious beliefs conflict with Raytheon's vaccine mandate (she did not), Plaintiff does allege or argue that the testing option offered by Raytheon and refused by Plaintiff conflicted with her religious obligations.  (*See* Dkt. 1 ¶¶ 16-17.)  Instead, Plaintiff objected because she (falsely) believed the nasal PCR tests had been recalled by

the FDA[8], that the tests were "invasive," and that the tests were approved by the FDA only pursuant to an EUA – all of which are secular, non-religious objections. *See, e.g. Blackwell v. Lehigh Valley Health Network*, Civil No. 5:22-cv-03360, 2023 WL 362392, at *8-9 (E.D. Pa. Jan. 23, 2023) (dismissing religious discrimination claim where plaintiff objected to nasal swab testing because her "[unspecified] religious beliefs forbid[] insertion of an unwanted foreign object into her body.")  In *Blackwell,* the plaintiff had challenged the factual and scientific basis for her employer's testing requirement, *i.e.*, that COVID-19 testing is "ineffective" and vaccinated individuals "are just as likely to contract and spread" the virus as unvaccinated individuals."  *Id.* at *9.  Here, Plaintiff admits that she objected to Raytheon's COVID-19 testing for non-religious reasons, and therefore she has not stated a claim for religious discrimination.  "Having acknowledged that she was given an alternative that did not conflict with her religious observances, plaintiff has pled her way out of the … element[s] of [her Title VII] claim." *Egelkrout v. Aspirus, Inc.*, Civil Action No. 22-cv-118, 2022 WL 2833961, at *4

---

[8] The *Leake* plaintiffs (represented by the same attorney as the plaintiff in the present lawsuit) made the same baseless allegation that the FDA recalled PCR nasal swab tests.  *Leake*, 2023 WL 2242857, at *1 n.2.  In its dismissal order, the *Leake* court stated that: "[a]fter review, the Court will take judicial notice that the PCR nasal swab COVID-19 testing was not recalled by the FDA and will not accept this statement … as true.")  *Id.*.  Despite this, months after the *Leake* ruling, Plaintiff, in both her initial and Amended Complaint, relies upon the same, exact statement rejected by *Leake*.  (*See* Dkt. 1 ¶ 16.)  This Court should follow *Leake* and reject that claim.

(W.D. Wis. July 20, 2022) (internal citation omitted).  In sum, Plaintiff has not pled, and cannot plausibly plead, that she is a member of a protected class.

Next, even if she is in a protected category, Plaintiff does not allege she was treated differently than individuals outside the protected class.  To be sure, Plaintiff admits Raytheon's vaccine mandate was "vastly" and "ridiculously overinclusive" in that it applied to all other "non-essential" employees, which certainly must include individuals who do not share Plaintiff's "religious beliefs," whatever they may be.  (*See* Dkt. 22 *¶¶* 23, 32.)  Plaintiff also admits that Raytheon offered vaccination exemptions for medical reasons.  (*See id.* ¶¶ 14, 15.)  In other words, Plaintiff affirmatively alleges she was treated the same as Raytheon employees who sought exemptions for non-religious reasons or for differing religious reasons.

For multiple, independent reasons, any of which is sufficient to defeat her claim, Plaintiff has not pled, and cannot plead, a Title VII claim for disparate treatment.

## B.   Plaintiff's Claim for Hostile Work Environment Fails.

Plaintiff's hostile work environment claim fares no better.  Indeed, this claim fails as a matter of law because it was not included in Plaintiff's EEOC charge and is now time-barred.  Even if this claim was not barred on procedural grounds, it still fails because Plaintiff has not sufficiently alleged she is a member of a protected class, and, regardless, the complained-of conduct is not actionable as a

matter of law.

    1.  <u>Plaintiff Failed to Exhaust Her Administrative Remedies and this Claim Is Now Time-Barred.</u>

Before filing suit under Title VII, Plaintiff was required to exhaust her available administrative remedies by filing a charge of discrimination with the EEOC and receiving notice from the agency that it will not pursue any action in the case. *See* 42 U.S.C. § 2000e–5(e)(1); *see also Gregory v. Ga. Dep't of Hum. Res.*, 355 F.3d 1277, 1279 (11th Cir. 2004) (*per curiam*) (federal anti-discrimination statutes require a plaintiff to exhaust administrative remedies before bringing an action in court). In addition, claims that are outside the scope of the charge of discrimination are procedurally barred, as the failure to raise them is deemed a failure to exhaust administrative remedies, and dismissal of the new claims is required. *See, e.g., Green v. Elixir Indus., Inc.*, 152 F. App'x 838, 841 (11th Cir. 2005) (*per curiam*) (affirming dismissal of "procedurally deficient" Title VII hostile work environment claim because the factual allegations in the EEOC charge related to termination, not harassment); *Gibson v. Walgreen Co.*, Case No. 6:07-cv-1053, 2007 WL 9723200, at *3-4 (M.D. Fla. Nov. 16, 2007) (finding hostile work environment claim, among others, "distinct from and do[es] not arise out of [plaintiff's] claim for failure to promote."); *Mecca v. Florida Health Sciences Center, Inc.*, No. 8:12-cv-2561, 2013 WL 136212, at *4 (M.D. Fla. Jan. 10, 2013) (dismissing hostile work environment claim as outside the scope of

plaintiff's EEOC charge, finding that the charge only asserted a discrimination claim based on plaintiff's termination).

Here, Plaintiff never filed an administrative charge alleging Raytheon subjected her to a hostile work environment based on her religion.   Indeed, Plaintiff's Charge does not include any allegations that Raytheon "mocked and dismissed" her "sincerely held religious beliefs," "interrogated" her regarding her "religiosity," or "bombarded her with emails threatening her with termination." (*See* Ex. A, Plaintiff's EEOC Charge.)   Accordingly, this Court should dismiss Plaintiff's purported hostile work environment claim (Count Two) because she failed to exhaust her administrative remedies.

Moreover, as more than 300 days have elapsed since the date(s) of the alleged harassment, Plaintiff cannot rectify this error.   In Florida, a plaintiff has 300 days after the alleged unlawful employment practice occurred to file a charge asserting Title VII claims.   *See Gibson*, 2007 WL 9723200, at *2 (noting that Florida is a "deferral state," meaning that a litigant is required to file an EEOC charge within 300 days of the alleged unlawful acts, and refusing to consider any alleged Title VII violations that occurred outside of this limitations period).   In her Charge, Plaintiff alleges that the unlawful conduct occurred on February 1, 2022, at the latest.   (*See* Ex. A.)   This means for Plaintiff's Title VII hostile work environment claim to be actionable, Plaintiff must have alleged this theory in an

EEOC charge by November 17, 2022, at the very latest (300 days after February 1, 2022).  She did not.  Since Plaintiff cannot file a timely EEOC charge relating to alleged Title VII-based harassment, this claim is barred.

### 2. Plaintiff Has Not Pled an Actionable Hostile Work Environment Claim.

Even if Plaintiff fully exhausted her administrative remedies and timely asserted her Title VII hostile work environment claim (she did not), Plaintiff has not stated an actionable harassment claim.  To establish a prima facie case for hostile work environment, a plaintiff must show that: (1) she was subject to verbal or physical conduct based on her protected class; (2) the conduct was unwelcome; (3) the conduct was sufficiently severe or pervasive to alter the conditions of her employment and create an abusive work environment; and (4) the employer is liable for such conduct. *Miller v. Kenworth of Dothan, Inc.*, 277 F.3d 1269, 1275 (11th Cir. 2002) (internal citation omitted).  The Supreme Court has stated that "[t]hese standards for judging hostility are sufficiently demanding to ensure that Title VII does not become a 'general civility code," and to be actionable, the complained-of conduct must be "extreme."  *Faragher v. City of Boca Raton*, 524 U.S. 775, 788 (1998) (internal citations omitted).

As an initial matter, Plaintiff's hostile work environment claim necessarily fails because she has not pled that she is a member of any protected class considering she does not articulate any religious justification(s) for her refusal to

get vaccinated or undergo COVID-19 testing, as discussed *supra*, Section II (A). *See, e.g., Leake*, 2023 WL 2242857, at *5 (dismissing plaintiffs' hostile work environment claim, in part, because they "fail[ed] to show they were members of a protected class" given that they did not identify religious reasons for their opposition to Raytheon's vaccine mandate). For this reason alone, Plaintiff's hostile work environment claim should be dismissed.

Furthermore, Raytheon required all of its employees to be vaccinated, and for those who sought religious and/or medical exemptions to the vaccine mandate, Raytheon required them to test for the presence of the virus. On its face, there is nothing "hostile" or "extreme" about this conduct. *See, e.g., id.* (dismissing plaintiffs' religious-based hostile work environment claim, finding that "Raytheon's encouragement of their employees to get vaccinated for a deadly virus, combined with the reasonable safety accommodations for vaccination-exempt employees, *does not come close* to meeting the demanding standard needed to state a legally valid hostile work environment claim.")

Moreover, Plaintiff does not offer any well-pled facts to support her conclusory allegations that Raytheon "mocked and dismissed" her religion, "interrogated" her regarding her "religiosity," or "bombarded her with emails threatening her with termination." These are precisely the kind of "implausible" allegations that Rule 12(b)(6) motions are designed to weed out. *See Jean v. LP*

*Port Charlotte, LLC*, Case No. 2:16-cv-674, 2017 WL 3731989, at *1 (M.D. Fla. Aug. 30, 2017) (broad, conclusory allegations that defendant acted unlawfully are not enough to survive a Rule 12(b)(6) motion to dismiss, as they are improper under the Supreme Court's jurisprudence regarding pleading requirements).

Put simply, Plaintiff was not singled out based on her religious status, nor is the generic conduct she describes "hostile" or "extreme" as a matter of law. Accordingly, Plaintiff has not pled an actionable claim for religious-based hostile work environment; and therefore, the claim (Count Two) should be dismissed.

## C.  **The Amended Complaint Fails to State a Claim for Title VII Retaliation.**

Plaintiff's retaliation claim fails as a matter of law.  To state a claim of retaliation under Title VII, Plaintiff must plausibly allege that: (1) she engaged in statutorily protected expression; (2) she suffered a materially adverse employment action; and (3) her employer's retaliatory motive was the "but for" cause of the adverse employment action.  *Univ. of Tex. Sw. Med. Ctr. v. Nassar*, 133 S. Ct. 2517, 186 L.Ed. 2d 503 (2013); *Goldsmith v. Bagby Elevator Co.*, 513 F.3d 1261, 1277 (11th Cir. 2008).  Here, the Amended Complaint fails to allege *any* facts to support that retaliation was the "but for" cause of Plaintiff's termination. Indeed, the *only* allegations in the Amended Complaint regarding the reason for Plaintiff's termination are that she was "discharged ... due to her strongly held religious beliefs and her refusal to violate those beliefs," and for "exercis[ing]" her

religion," meaning she refused to obtain the COVID-19 vaccine or submit to a nasal PCR test.  (*See* Dkt. 22 ¶¶ 30, 35.)

Assuming for purposes of this motion only that the alleged "protected activity" is Plaintiff's request for a religious exemption, her retaliation claim fails because she cannot establish a causal link between her accommodation request and her termination.  Indeed, Plaintiff requested a religious exemption to Raytheon's vaccine mandate on October 26, 2021, but Raytheon did not terminate her employment until February 1, 2022 – more than three months later.  (*See id.* ¶¶ 15, 17.)  This time gap cannot support an inference of retaliation.  *See, e.g., Higdon v. Jackson*, 393 F.3d 1211, 1221 (11th Cir. 2004) (three-month span between protected activity and adverse employment action "does not allow a reasonable inference of a causal relation" between the two events); *Brown v. Alabama Dep't of Transp.*, 597 F.3d 1160, (11th Cir. 2010) (three-month interval between the protected expression and the employment action is "too long," stating that the temporal relationship must be "very close.") (internal citation and quotation omitted).

Plaintiff's Amended Complaint offers no other facts to establish causation for her retaliation claim.  Instead, Plaintiff's factual allegations target her religious-based disparate treatment.  Specifically, Plaintiff alleges that Raytheon forced her to "choose between her job that she loved, and injection of an experimental

synthetic substance." (*See* Dkt. 22 ¶ 27.)  Elsewhere in her Amended Complaint, Plaintiff alleges Raytheon required her to receive a "medical procedure" (*i.e.*, a COVID vaccine), which "insulted and violated her strongly held religious beliefs," and further that the "penalty for not violating [such beliefs] was termination from her employment." (*See id*. ¶¶ 2-3.)  As such, Plaintiff's own allegations reveal she does not have a plausible retaliation claim.  There is simply nothing in Plaintiff's Amended Complaint to suggest that but-for her request for a vaccine exemption, she would not have been terminated.  *See Trouillet*, 2023 WL 2894707, at *7 (plaintiff's retaliation claim fails because her "conclusory allegation that she was 'also terminated' for seeking a religious accommodation is not supported by any fact and is directly contrary to what appears to be the theory of her case."); *see also Leake*, 2023 WL 2242857, at *6 (dismissing plaintiffs' retaliation claim for failing to establish a causal link between religious vaccination exemption and adverse actions, finding that "the but-for cause of Plaintiffs' termination was Plaintiffs' refusal to comply with the safety conditions for vaccination exempt employees," not Plaintiffs' religious objections.)  Accordingly, Plaintiff has not stated an actionable claim for retaliation, and therefore it should be dismissed.

### D. The Court Should Dismiss This Lawsuit With Prejudice.

Plaintiff's Amended Complaint should be dismissed with prejudice because she has already been given an opportunity to address the pleading deficiencies

raised herein, and she chose not to do so.  In fact, Defendant filed a motion to dismiss Plaintiff's first Complaint on July 6, 2023 (*see* Dkt. 15), where it raised the very same substantive arguments for dismissal as those presented here.   In response, Plaintiff did not seek leave to amend her Complaint.  Instead, she filed an opposition to Defendant's motion.  (*See* Dkt. 18.)  Weeks later, on August 1, 2023, the Court *sua sponte* dismissed Plaintiff's initial Complaint without prejudice[9] as an improper "shotgun pleading," allowing her seven (7) days to file an Amended Complaint.  (*See* Dkt. 20.)  Plaintiff filed her Amended Complaint on August 5, 2023.  (*See* Dkt. 22.)  But even with this second "bite at the apple," Plaintiff *still* does not allege any facts to suggest that Raytheon's vaccine mandate was motivated by some kind of religious-based animus, or that Plaintiff has a *bona fide* religious belief that conflicts with Raytheon's COVID-19 vaccine or testing requirements.

Accordingly, Plaintiff should not be given yet another chance to somehow state plausible claims against Raytheon.  *See, generally Eiber Radiology, Inc. v. Toshiba Am. Med. Sys., Inc.*, No. 15-14334, 673 F. App'x 925, 929-30 (11th Cir. 2016) (affirming district court's dismissal of lawsuit with prejudice where plaintiff had already been given one chance to amend its initial complaint, but failed to deliver a pleading that successfully met *Twombly's* plausibility standard)*; see also*

---

[9] The Court's August 1, 2023 Order also denied Defendant's previously filed Motion to Dismiss as moot.  (*See* Dkt. 20.)

*Erickson v. Manatee Cty. Sheriff's Dept.*, Case No. 8:19-cv-845-T-60TGW, 2019 WL 6700425, at \*3-4 (M.D. Fla. Dec. 9, 2019) (dismissing claims with prejudice because plaintiffs had the opportunity to remedy their Complaint and failed to do so).

## CONCLUSION

For all of the foregoing reasons, all causes of action in the Amended Complaint fail as a matter of law, and Plaintiff's Amended Complaint should be dismissed in its entirety with prejudice.

## <u>LOCAL RULE 3.01(g) CERTIFICATION</u>

As required by Local Rule 3.01(g), on July 6, 2023, the undersigned conferred with Plaintiff's counsel, via telephone.  The parties were unable to reach an agreement on the resolution of this motion and Plaintiff opposes the motion.

DATED:  August 21, 2023                    Respectfully submitted,

                                           Raytheon Company

                                           By: */s/ Jill C. Taylor*　　　　　　

                                           Alex S. Drummond
                                           Florida Bar No. 0038307
                                           adrummond@seyfarth.com
                                           SEYFARTH SHAW LLP
                                           1075 Peachtree Street, N.E.
                                           Suite 2500
                                           Atlanta, Georgia  30309
                                           Telephone: (404) 885-1500
                                           Facsimile:  (404) 892-7056

                                           Jill C. Taylor (admitted *pro hac vice*)
                                           jctaylor@seyfarth.com
                                           SEYFARTH SHAW LLP
                                           233 S. Wacker Drive, Suite 8000
                                           Chicago, Illinois 60606
                                           Telephone: (312) 460-5572
                                           Facsimile: (312) 460-7000

                                           *Attorneys for Defendant*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on August 21, 2023, I presented the foregoing Defendant's Motion to Dismiss Plaintiff's Amended Complaint and Memorandum of Law in Support of Same with the Clerk of the Court for filing via the CM/ECF system, which will send notification of such filing to all counsel of record, listed below:

Nancy Knox Bierman
Libra Law
204 Munford Street
Houston, Texas 77006
Libralawtexas@gmail.com

Jennifer M. Vasquez
Campbell, Trohn, Tamayo & Aranda P.A.
1701 South Florida Avenue
Lakeland, Florida 33806
j.vasquez@cttalaw.com

*/s/ Jill C. Taylor*
Jill C. Taylor