```
              UNITED STATES DISTRICT COURT
               MIDDLE DISTRICT OF FLORIDA
                  FORT MYERS DIVISION
```

LAURELLYN CIAVARDONE,

    Plaintiff,

v.                                Case No: 2:23-cv-315-JES-KCD

RAYTHEON TECHNOLOGIES, LLC,

    Defendant.

_____

## OPINION AND ORDER

This matter comes before the Court on review of defendant's Motion to Dismiss Plaintiff's Amended Complaint (Doc. #37) filed on August 21, 2023. Plaintiff filed a Response to Motion to Dismiss (Doc. #39) on September 18, 2023. For the reasons set forth below, the Motion to Dismiss is granted in part and denied in part.

**I.**

On May 6, 2023, Plaintiff filed a Complaint (Doc. #1) asserting claims of employment discrimination and retaliation based on her religion. On August 1, 2023, the Court dismissed the Complaint as a shotgun pleading, denied defendant's pending motion to dismiss as moot, and granted leave to file an amended complaint. On August 5, 2023, plaintiff filed an (Amended) Complaint (Doc. #22), which is now the operative pleading.

The Amended Complaint alleges that on or about September 15, 2021, defendant Raytheon Technologies, LLC (Defendant or Raytheon) announced a COVID vaccine mandate. On October 13, 2021, plaintiff Laurellyn Ciavardone (Plaintiff or Ciavardone) submitted a medical status form through the Human Resources Portal but chose not to disclose medical information that could be stored by a third party. The next day, plaintiff submitted a request for a medical exemption, and on October 26, 2021, plaintiff submitted a request for a religious exemption.

Defendant requested more information using a form-letter email, and on January 10, 2022, Plaintiff responded. Defendant replied that the use of Plaintiff's requested "less-invasive saliva tests" was denied and that the nasal PCR swab would be required. On or about January 12, 2022, plaintiff submitted additional information "bolstering her request for saliva testing," which was denied. Plaintiff was terminated on February 1, 2022. The Amended Complaint asserts Plaintiff was working 100% remote "[a]t the start of the declared emergency" and was no threat to her fellow employees. The Amended Complaint also asserts that Plaintiff is religious, and Defendant had no legitimate business purpose for forcing her to inject herself with an experimental substance.

The Amended Complaint sets forth three counts. The first two counts of the Amended Complaint generically cite 42 U.S.C. § 2000e-

2(a)(1)[1], and the third count cites 42 U.S.C. § 2000e-3. (Doc. #22, ¶¶ 28, 33, 45.) Defendant now seeks to dismiss all three counts.

## II.

Under Federal Rule of Civil Procedure 8(a)(2), a Complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This obligation "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (citation omitted). To survive dismissal, the factual allegations must be "plausible" and "must be enough to raise a right to relief above the speculative level." Id. at 555. See also Edwards v. Prime Inc., 602 F.3d 1276, 1291 (11th Cir. 2010). This requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citations omitted).

In deciding a Rule 12(b)(6) motion to dismiss, the Court must accept all factual allegations in a complaint as true and take them in the light most favorable to plaintiff, Erickson v. Pardus, 551 U.S. 89 (2007), but "[l]egal conclusions without adequate

---

[1] Count One also cites 42 U.S.C. § 2000e-2(a)(2). (Doc. #22, ¶ 29.)

3

factual support are entitled to no assumption of truth," Mamani v. Berzain, 654 F.3d 1148, 1153 (11th Cir. 2011) (citations omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678. "Factual allegations that are merely consistent with a defendant's liability fall short of being facially plausible." Chaparro v. Carnival Corp., 693 F.3d 1333, 1337 (11th Cir. 2012) (citations omitted). Thus, the Court engages in a two-step approach: "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Iqbal, 556 U.S. at 679.

### III.

The Amended Complaint (Doc. #22) asserts three claims, all purporting to arise under Title VII, 42 U.S.C. § 2000e. Defendant describes Plaintiff's lawsuit as follows: "This lawsuit concerns Raytheon's COVID-19 vaccine policy, Raytheon's willingness to provide exemptions to its employee vaccine requirement, and Plaintiff's refusal to receive the vaccination, or alternatively, to comply with alternative measures, including testing for the presence of the virus." (Doc. #37, p. 2.) Defendant reads the Amended Complaint as alleging religion-based Title VII claims of disparate treatment, a hostile work environment, and retaliation. (Id., p. 9.)

Plaintiff agrees that the third claim is a Title VII retaliation claim. (Doc. #39, p. 6.) Plaintiff asserts, however, that she is not asserting a disparate treatment claim, a hostile work environment claim, or a failure to accommodate claim. (Doc. #39, pp. 3-4.) Rather, Plaintiff asserts she is bringing a religious harassment claim "under the umbrella of discrimination." (Id., p. 4.) Plaintiff argues that "[r]eligious harassment in violation of Title VII occurs when employees are: (1) required or coerced to abandon, alter, or adopt a religious practice as a condition of employment; or (2) subjected to unwelcome statements or conduct that is based on religion and is so severe or pervasive that the individual being harassed reasonably finds the work environment to be hostile or abusive, and there is a basis for holding the agency liable." (Doc. #39, p. 3.) No citation of law is provided for this theory of recovery.

**A. Title VII Discrimination Based on Religion**

Title VII makes it an unlawful employment practice "to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(1). To establish a Title VII intentional discrimination claim, the plaintiff must show: "(1) the employer's discriminatory animus towards [her] based on

5

the [her] protected characteristic; (2) a discharge or other significant change in the terms or conditions of employment; and (3) a causal link between the two." Stimpson v. City of Tuscaloosa, 186 F.3d 1328, 1331 (11th Cir. 1999) (per curiam).

One of Title VII's protected characteristics is religion. Thus, Section 2000e-2(a)(1) of Title VII prohibits employers from discriminating against their employees on the basis of the employee's religion. 42 U.S.C. § 2000e-2(a)(1); Bailey v. Metro Ambulance Services, Inc., 992 F.3d 1265, 1272 (11th Cir. 2021). The term "religion" in Title VII "includes all aspects of religious observance and practice, as well as belief, unless an employer demonstrates that he is unable to reasonably accommodate to an employee's or prospective employee's religious observation or practice without undue hardship on the conduct of the employer's business." 42 U.S.C. § 2000e(j).  An employer's "mere neutrality with regard to religious practices—that they be treated no worse than other practices"—is not enough. EEOC. v. Abercrombie & Fitch Stores, Inc., 575 U.S. 768, 775 (2015).  Instead, Title VII gives religious practices "favored treatment, affirmatively obligating employers not to fail or refuse to hire or discharge any individual because of such individual's religious observance and practice." Id. (internal quotation marks omitted).  See also Bailey v. Metro Ambulance Services, Inc., 992 F.3d 1265, 1275 (11th Cir. 2021) (same).

Thus, Title VII "requires employers to accommodate the religious practice of their employees unless doing so would impose an 'undue hardship on the conduct of the employer's business.'" Groff v. DeJoy, 600 U.S. 447, 453-54 (2023) (quoting 42 U.S.C. § 2000e(j)).  As relevant to this case, Title VII makes it an unlawful employment practice for Raytheon to (1)(a) "discharge" or (b) "otherwise to discriminate against" Plaintiff with respect to her "compensation, terms, conditions, or privileges of employment, (2) "because of" (3) Plaintiff's "religion."  42 U.S.C. § 2000e-2(a)(1).

A plaintiff can bring a Title VII religious discrimination claim based on disparate treatment, a failure to accommodate religious beliefs, and/or a discriminatorily hostile work environment. Jones v. United Space All., L.L.C., 170 F. App'x 52, 55 (11th Cir. 2006) (per curiam).  To establish a claim of a hostile work environment based on religious harassment, an employee must prove "that the workplace is permeated with discriminatory intimidation, ridicule, and insult, that is sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment." Alhallaq v. Radha Soami Trading, LLC, 484 F. App'x 293, 295 (11th Cir. 2012) (per curiam) (quoting Miller v. Kenworth of Dothan, Inc., 277 F.3d 1269, 1275 (11th Cir. 2002)).

**B. Claims In Amended Complaint**

As noted above, the parties disagree on just what claims the Amended Complaint is attempting to assert. Defendant reads the Amended Complaint as alleging religion-based Title VII claims of disparate treatment, a hostile work environment, and retaliation. (Id., p. 9.) Plaintiff agrees that the third claim is a Title VII retaliation claim (Doc. #39, p. 6), but asserts that she is not asserting a disparate treatment claim, a hostile work environment claim, or a failure to accommodate claim. (Doc. #39, pp. 3-4.) Rather, Plaintiff asserts she is bringing a religious harassment claim "under the umbrella of discrimination." (Id., p. 4.) While there is language in the Amended Complaint supporting Defendant's interpretation of the first two claims[2], the Court accepts Plaintiff's view of what her own Amended Complaint is not attempting to claim. Nonetheless, there is no generic "umbrella" Title VII claim, and each claim must be sufficiently pled to state a cause of action under Title VII.

The gist of Count One is to allege discrimination under Title VII for discharging Plaintiff due to her strongly held religious beliefs and her refusal to violate those beliefs in connection with the vaccine mandate. (Doc. #22, ¶¶ 30-32.) Plaintiff alleges

---

[2] The Amended Complaint states there was "Harassment, Coercion and Creation of a Hostile Work Environment" "[a]t the start of the declared emergency" (Doc. #22, p. 4) and that there was a "Failure to Accommodate." (Id., p. 5.)

that Defendant's actions were an effort to eliminate those with the "wrong" religious beliefs based on a distrust of the religious objections to COVID vaccines. While there are other extraneous allegations in Count One, the Court finds that the allegations in Count One plausibly allege a claim under the portion of Title VII which makes it an unlawful employment practice "to discharge any individual. . . because of such individual's . . . religion . . .." 42 U.S.C. § 2000e-2(a)(1), and nothing more. Accordingly, the motion to dismiss Count One is denied.

Count Two alleges that Defendant terminated plaintiff for engaging in protected activity, i.e., the exercise of her religion. Plaintiff alleges various facts about her employment contract with Defendant but fails to plausibly identify any Title VII discrimination other than the termination of her employment. Since the termination of employment is the Title VII discrimination alleged in Count One, Count Two is redundant and fails to set forth a separate plausible Title VII claim. The motion to dismiss Count Two is granted, although the dismissal is without prejudice.

Count Three alleges Title VII retaliation because Defendant ignored, mocked, and dismissed plaintiff's "sincerely held religious beliefs", interrogated plaintiff regarding her religiosity, bombarded her with emails threatening her with

termination, and terminated her employment. (Doc. #22, ¶¶ 46[3], 48.) Plaintiff alleges that Defendant engaged in a pattern and practice of discriminating against employees with sincerely held religious beliefs based entirely on a refusal to submit to a medical procedure that would violate their beliefs. (Id. At 51.) Defendant argues that plaintiff fails to allege that retaliation was the 'but for' cause of the termination, or a causal link between her accommodation request and her termination. (Doc. #37, pp. 19-20.)

Title VII also makes it unlawful for an employer to retaliate against an employee because of her opposition to a discriminatory employment practice or participation in an EEOC investigation or hearing. 42 U.S.C. § 2000e-3(a). "To establish a prima facie case of Title VII retaliation, [plaintiffs] must show that (1) they engaged in statutorily protected activity; (2) they suffered a materially adverse employment action; and (3) there was a causal link between the two." Dixon v. The Hallmark Companies, Inc., 627 F.3d 849, 856 (11th Cir. 2010). "[A]n employee's decision to engage in protected activity 'cannot immunize that employee from those petty slights or minor annoyances that often take place at work and that all employees experience.'" Osman v. Alabama State Univ., No. 2:21-CV-525-RAH, 2023 WL 3061834, at *16 (M.D. Ala.

---

[3] There is no paragraph 47.

10

Apr. 24, 2023) (quoting Burlington N. & Santa Fe Ry. Co. v. White, 548 U.S. 53, 68 (2006)).

Plaintiff alleges that she was exercising her religious beliefs by not following the vaccine policy and that she was terminated as a result.  Plaintiff further alleges that "[b]ut for the unlawful, discriminatory, and retaliatory actions of Defendant, Plaintiff would still be a loyal employee of Defendant until her retirement."  (Doc. #22, ¶ 50.)  This is sufficient at this stage of the proceedings to allege a plausible retaliation claim.

Accordingly, it is now

**ORDERED**:

Defendant's Motion to Dismiss for Failure to State a Claim (Doc. #37) is **GRANTED IN PART AND DENIED IN PART**.  Count Two of the [Amended] Complaint Under Title VII of the Civil Rights Acts USC 2000 ET. SEQ. (Doc. #22) is **dismissed without prejudice**.  Plaintiff may file a Second Amended Complaint within **FOURTEEN (14) DAYS** of this Opinion and Order.

**DONE AND ORDERED** at Fort Myers, Florida, this   11th   day of October 2023.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:  Parties of record